UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                 :
RENE D. EDWARDS,                 :
                                 :
          Plaintiff,             :    Civ. No. 13-214 (NLH)
                                 :
     v.                          :    OPINION
                                 :
STATE OF NEW JERSEY, et al.,     :
                                 :
          Defendants.            :
_____      :
```

APPEARANCES:

Rene D. Edwards, (#219205B/658117)
Riviera Motel Inn
2120 Rt. 73 South
Room 39
Pennsauken, NJ 08110
      Plaintiff, pro se

John J. Hoffman
Attorney General of New Jersey
R. J. Hughes Justice Complex
25 Market St.
P.O. Box 112
Trenton, NJ 08625
      Attorney for Defendants


HILLMAN, District Judge

     This matter is presently before the Court on a Motion to

Dismiss (ECF No. 43) filed by Defendants, and various other

motions and submissions filed by Plaintiff.  For the reasons set

forth below, Defendants' Motion to Dismiss will be DENIED and

Plaintiff's motions will be DENIED without prejudice.

I.   PROCEDURAL HISTORY AND FACTUAL BACKGROUND

A. PROCEDURAL HISTORY

On or about January 11, 2013, Plaintiff Rene D. Edwards, formerly a prisoner confined at the East Jersey State Prison in Rahway, New Jersey, filed this civil action asserting claims pursuant to 42 U.S.C. § 1983. (ECF No. 1).  The case was initially administratively terminated for failure to satisfy the filing fee requirement. (ECF No. 14).  Thereafter, Plaintiff submitted an application to proceed in forma pauperis and the case was reopened for review by a judicial officer.  The Court also conducted its sua sponte screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) (in forma pauperis actions) and 1915A (actions in which prisoner seeks redress from a governmental defendant), and 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In an Order dated October 23, 2014, the Court granted Plaintiff's in forma pauperis application; dismissed with prejudice Plaintiff's claims against the State of New Jersey and South Woods State Prison pursuant to the Eleventh Amendment; and ordered that all claims against the fictitious defendants were dismissed without prejudice. (ECF No. 23).  Plaintiff's Eighth Amendment claim for failure to protect against Defendants Lt. Taylor, Sgt. Jorner, C/O Ms. Scott, and C/O Ms. Williams was allowed to proceed.  Likewise, this Court permitted Plaintiff's

state-law claim for assault to proceed as against Defendant
Raisona Boyd.

Shortly after the entry of that Order, and before any
Defendants had filed a responsive pleading, Plaintiff began
filing motions.  Specifically, he filed the following: a Motion
to Appoint Pro Bono Counsel (ECF No. 25); a Motion for Summary
Judgment (ECF No. 31); and a second Motion to Appoint Pro Bono
Counsel (ECF No. 34).[1]  During this time, Defendants had
requested and received extensions in their time to file an
Answer and, on January 9, 2015, they filed a Motion to Dismiss.
(ECF No. 43).  Plaintiff then filed a series of letters,
notices, objections, declarations, and additional motions —
including a second and third Motion for Summary Judgment (ECF
Nos. 47, 53); two Motions for Entry of Judgment (ECF No. 50,
56); and a third Motion for Pro Bono Counsel (ECF No. 63).  The
Court will address these filings in turn.

B. FACTUAL BACKGROUND

Plaintiff's Complaint involves incidents of assault which
occurred at the South Woods State Prison.  Plaintiff alleges
that his cell mate, Raison Boyd (SB # 237852-C) ("Inmate Boyd"),
became unstable and violent after he was informed of the death

---

[1] Plaintiff's first and second Motions for Pro Bono Counsel (ECF
Nos. 25, 34) were denied in an Order dated January 8, 2015 (ECF
No. 40).

of one of his parents. (Compl. 6, ECF No. 1).  Plaintiff states that Inmate Boyd first sexually assaulted him.  This assault was reported and Inmate Boyd was reprimanded with loss of privileges. (Compl. 8, ECF No. 1).  Plaintiff then states that on December 28, 2011, Inmate Boyd placed a combination lock in a sock and attacked Plaintiff, breaking his jawbone. (Id.).

In essence, Plaintiff's Complaint asserts a failure to protect claim against prison officials.  Plaintiff bases this claim on the allegation that prison officials refused to remove Inmate Boyd from the cell despite Plaintiff's requests. (Compl. 6, 8, ECF No. 1).  Plaintiff states that prison officials knew of the risk of sexual assault based on Plaintiff's "'feminine' appearance" and the fact that he is handicapped and, thus, cannot defend himself. (Compl. 7, ECF No. 1).  Further, Plaintiff alleges that prison officials were aware that Inmate Boyd had a propensity to use a combination lock as a weapon, but that the prison still sold the lock. (Compl. 6, ECF No. 1).

## II.   DEFENDANTS' MOTION TO DISMISS

The Court first addresses Defendants' Motion to Dismiss. (ECF No. 43).  Although it is described, labeled on the docket, and titled on the brief as a "Motion to Dismiss," the motion is, in its truest sense, a motion for summary judgment of which Plaintiff has not received adequate notice.  For the reasons set forth below, it will be denied.

A. <u>STANDARD</u>

Defendants have filed their motion pursuant to Rule 12(b)(6). (Defs.'s Br. 7, ECF No. 43-1).  When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." F<span style="font-variant:small-caps">ED</span>. R. C<span style="font-variant:small-caps">IV</span>. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. <u>Bogosian v. Gulf Oil Corp.</u>, 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 149-50 n. 3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

claim.'" <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 563 n. 8 (2007) (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684 (2009) ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions'...."); <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) ("<u>Iqbal</u> ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before <u>Twombly</u>.").

In reviewing a Rule 12(b)(6), a court motion must only consider the facts alleged in the pleadings, the documents attached to or specifically referenced in the complaint if the claims are based on those documents, and matters of judicial notice. <u>S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.</u>, 181 F.3d 410, 426 (3d Cir. 1999); <u>In re Bayside Prison Litig.</u>, 190 F.Supp.2d 755, 760 (D.N.J. 2002); <u>see also</u> <u>Winer Family Trust v. Queen</u>, 503 F.3d 319, 327 (3d Cir. 2007).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion must be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

The court has discretion to either convert a motion to dismiss into a motion for summary judgment, or to ignore the matters presented outside the pleadings and continue to treat the filing as a motion to dismiss. <u>Kurdyla v. Pinkerton Sec.</u>,

197 F.R.D. 128, 131 (D.N.J. 2000); <u>Kelly v. HD Supply Holdings,</u>
<u>Inc.</u>, No. 14-372, 2014 WL 5512251, at *2 (D.N.J. Oct. 31, 2014);
<u>see also</u> 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND
PROCEDURE § 1366 Conversion of a Rule 12(b)(6) Motion Into a
Summary Judgment Motion (3d ed. 2015) ("As the language of the
rule suggests, federal courts have complete discretion to
determine whether or not to accept the submission of any
material beyond the pleadings that is offered in conjunction
with a Rule 12(b)(6) motion and rely on it, thereby converting
the motion, or to reject it or simply not consider it."). "The
court should not convert a motion to dismiss into a motion for
summary judgment when little discovery has taken place." <u>Bobo v.</u>
<u>Wildwood Pub. Sch. Bd. of Educ.</u>, No. 13-5007, 2014 WL 7339461,
at *4 (D.N.J. Dec. 23, 2014) (<u>citing</u> <u>Kurdyla</u>, 197 F.R.D. at 131,
131 n.8).

   B. <u>ANALYSIS</u>

   At this stage in the litigation, it is unclear what, if
any, discovery has been exchanged outside of the various motions
filed by the parties. Moreover, as set forth above, the motion
is described in the cover letter, labeled on the docket, and
titled on the brief as a "Motion to Dismiss." The only
suggestions that Defendants' motion may be something other than
a motion to dismiss are references to summary judgment peppered
throughout the content of the supporting brief. Given that, at

the time of filing, Plaintiff in this case was a prisoner representing himself pro se, the Court is concerned with the adequacy of the notice provided to Plaintiff that the motion to dismiss might be converted to a motion for summary judgment, and the implications of such a conversion. See Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010) (establishing requirements for adequate notice of conversion in a pro se prisoner context). For these reasons, the Court declines to convert the motion to dismiss into a motion for summary judgment.

In their Preliminary Statement, Defendants assert that the "Complaint should be dismissed, or in the alternative, State Defendants are entitled to judgment as a matter of law as to Plaintiff's claims because: (1) Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997, Prisoners Litigation Reform Act ("PLRA") and his complaint is therefore barred; (2) State Defendants are entitled to summary judgment on Plaintiff's failure to protect claim because Plaintiff has not and cannot produce any evidence to establish that State Defendants knew of and disregarded a substantial risk of serious harm, or that they acted with deliberate indifference; (3) State Defendants are entitled to qualified immunity." (Defs.'s Br. 6, ECF No. 43-1).

Because Defendants request summary judgment in their second ground for relief, and because this Court has declined to

convert this motion to a motion for summary judgment, Defendants' second ground for relief must be denied. Additionally, in support of their argument for qualified immunity — Defendants' third ground for relief — Defendants specifically rely on the summary judgment argument set forth in their second ground for relief. (Defs.'s Br. 22, ECF No. 43-1). Therefore, Defendants' third ground must also be denied.

Remaining is Defendants' first ground for relief: dismissal based on Plaintiff's failure to exhaust his administrative remedies.  However, exhaustion is an affirmative defense under the Prison Litigation Reform Act (PLRA); therefore, Plaintiff is not required to specially plead or demonstrate exhaustion in his complaint.  See Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

This Court cannot determine based on the allegations of the Complaint and its attachments that Plaintiff has failed to exhaust his administrative remedies.  Accordingly, Defendants' motion to dismiss based on failure to exhaust is denied. See e.g., Bowens v. Employees of the Dep't of Corr., No. 14-2689, 2015 WL 803101, at *4 (E.D. Pa. Feb. 26, 2015); Livingston v. Appel, No. 11-2764, 2014 WL 6860539, at *3 (E.D. Pa. Dec.5, 2014) (declining to grant defendant's motion to dismiss based on exhaustion, or to convert defendant's motion into a summary judgment motion).  Each of the aforesaid denials is without

9

prejudice to Defendants raising the same issues in a properly supported motion for summary judgment at the appropriate time.

### III. PLAINTIFF'S MOTIONS

Currently pending are Plaintiff's three motions for summary judgment (ECF Nos. 31, 47, 53), two motions for entry of judgment (ECF Nos. 50, 56), and a motion for pro bono counsel (ECF No. 63). For the reasons set forth below, Plaintiff's motions will be denied.

### A. FAILURE TO PROTECT STANDARD

Under the Eighth Amendment, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)).

To establish a § 1983 claim for failure to protect, a plaintiff must show the following: (1) that he was "incarcerated under conditions posing a substantial risk of harm"; (2) that the prison official had a "sufficiently culpable state of mind," see Farmer, 511 U.S. at 834, that amounts to "deliberate indifference to inmate health or safety"; and (3) that the

"official's deliberate indifference caused him harm." <u>See</u>
<u>Bistrian</u>, 696 F.3d at 367.

     B. <u>SUMMARY JUDGMENT STANDARD</u>

     Summary judgment is appropriate where the Court is
satisfied that "'the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to
any material fact and that the moving party is entitled to a
judgment as a matter of law.'" <u>Celotex Corp. v. Catrett</u>, 477
U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (<u>citing</u> Fᴇᴅ.
R. Cɪᴠ. P. 56).

     An issue is "genuine" if it is supported by evidence such
that a reasonable jury could return a verdict in the nonmoving
party's favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242,
248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A fact is
"material" if, under the governing substantive law, a dispute
about the fact might affect the outcome of the suit. <u>Id.</u>  "In
considering a motion for summary judgment, a district court may
not make credibility determinations or engage in any weighing of
the evidence; instead, the nonmoving party's evidence 'is to be
believed and all justifiable inferences are to be drawn in his
favor.'" <u>Marino v. Indus. Crating Co.</u>, 358 F.3d 241, 247 (3d
Cir. 2004) (<u>citing</u> <u>Anderson</u>, 477 U.S. at 255).

Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323 ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (citation omitted); see also Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 192 n. 2 (3d Cir. 2001) ("Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by "showing" — that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof.") (citing Celotex, 477 U.S. at 325).

C. ECF No. 31 – MOTION FOR SUMMARY JUDGMENT

In this Motion for Summary Judgment, Plaintiff argues simply that "the material 'facts' [of this case] are agreed on" and he urges the Court to grant summary judgment in his favor. (Summ. J. Mot. 4, ECF No. 31). Plaintiff attaches several documents to this motion, none of which are directly relevant to

Defendants' alleged liability based on a failure to protect claim.

Defendants file a letter brief in opposition. (ECF No. 37). In this document, Defendants note that the attachments to Plaintiff's motion do not constitute evidence in support of his claims. Specifically, Defendants point out that the incident in question occurred on December 28, 2011 but that the medical records attached to Plaintiff's motion are dated June 10, 2013 (Summ. J. Mot. 13, "Appendix 21A", ECF No. 31), and December 28, 2012 (Summ. J. Mot. 39, ECF No. 31). Further, Defendants state that they have not had the opportunity to investigate the allegations of the Complaint and, therefore, have not determined what disputes of material fact may exist. (Defs.'s Letter Br. 5, ECF No. 37).

With respect to this motion, the information provided by Plaintiff is essentially a reiteration of the allegations contained in his Complaint. Plaintiff does not conclusively establish in this motion or through its attachments that he faced a substantial risk of assault or that the prison officials possessed the requisite knowledge of that substantial risk and disregarded it. See Farmer, 511 U.S. at 833, 837. Accordingly, Plaintiff has failed to demonstrate the absence of a genuine issue of material fact with respect to his failure to protect

claim and his Motion for Summary Judgment (ECF No. 31) is DENIED without prejudice. <u>See</u> <u>Celotex</u>, 477 U.S. at 323.

C. <u>ECF NO. 47 – MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff labels this document "Summary Judgment Order." In this submission, Plaintiff does not set forth an argument in support of his request for summary judgment; nor does he attach or refer to any documents which demonstrate the absence of a genuine issue of material fact.  Rather, this document details the method of payment and amount of damages he seeks.  To the extent Plaintiff intended this document to be considered a motion for summary judgment, it is DENIED.

D. <u>ECF No. 50 – MOTION FOR ENTRY OF JUDGMENT</u>

In this document, Plaintiff requests the entry of a judgment in his favor.  Because, as set forth above, the Court determines that he is not entitled to a judgment at this time, this request will be DENIED.

E. <u>ECF No. 53 – MOTION FOR SUMMARY JUDGMENT</u>

This document is a repetitive filing and includes the same argument and attachments as Plaintiff's previous Motion for Summary Judgment (ECF No. 31), discussed above.  Defendants file a brief in opposition (ECF No. 54) and argue that Plaintiff has not met the standard for summary judgment.  For the same reasons the Court denies Plaintiff's previous motion for summary

judgment (ECF No. 31), set forth above, this motion for summary judgment (ECF No. 53) is also DENIED.

### F. ECF No. 56 – MOTION FOR ENTRY OF JUDGMENT

Like Plaintiff's previous motion for entry of judgment (ECF No. 50), discussed above, this document simply requests the entry of a judgment in Plaintiff's favor.  However, as set forth above, the Court determines that Plaintiff is not entitled to a judgment at this time.  Therefore, this request is DENIED.

### G. ECF No. 63 – MOTION FOR PRO BONO COUNSEL

In this submission, Plaintiff requests the appointment of pro bono counsel as well as a transfer of the case to Chief Judge Simandle.  As an initial matter, this Court denies Plaintiff's request for a transfer of this case to the Honorable Jerome B. Simandle.  Local Civil Rule 40.1(a), (c), and (e) establish that the "reallocation or reassignment of any case, shall be upon the order of the Chief Judge."  Thus, this Court is without authority to grant Plaintiff's request for transfer or reassignment.  Further, "[l]itigants do[ ] not have the right to have [their] case heard by a particular judge," and just because the Chief Judge has the authority and discretion to reassign a matter, he need not exercise that discretion. ALLYN Z. LITE, NEW JERSEY FEDERAL PRACTICE RULES, cmt. 5 to L. CIV. R. 40.1 at 195 (citing In re Atamian, 247 F. App'x 373 (3d Cir. 2007) (internal quotes omitted); see also Alboyacian v. BP Products N.

Am., Inc., No. 09-5143, 2010 WL 56036, at *1 (D.N.J. Jan. 4, 2010).  Nevertheless, Plaintiff may submit this request to the Chief Judge if he so desires.

With respect to Plaintiff's Motion for Pro Bono Counsel, the court may, pursuant to § 1915(e), request an attorney to represent an indigent plaintiff in a civil action. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").  District courts have broad discretion to request counsel for indigent pro se litigants, but such appointment is a privilege, not a statutory or constitutional right of the litigant. Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted); Montgomery v. Pinchak, 294 F.2d 492, 498 (3d Cir. 2002); see also Speller v. Ciccero, No. 13-1258, 2013 WL 1121377, at *1 (D.N.J. Mar. 12, 2013).

The decision to appoint pro bono counsel involves a two-step analysis.  First, a court must determine as a threshold matter whether plaintiff's claim has "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  If a court finds that the action arguably has merit, it should then consider the following factors (hereafter, the "Tabron/Parham factors"):

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;

> (3) the degree to which factual investigation will be
> necessary and the ability of the plaintiff to pursue
> such investigation;
> (4) the amount a case is likely to turn on credibility
> determinations;
> (5) whether the case will require the testimony of
> expert witnesses;
> (6) whether the plaintiff can attain and afford
> counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing

Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not

exhaustive, nor is any one factor determinative. Id. at 458.

Rather, the Tabron/Parham factors should serve as a guidepost to

ensure that courts will only appoint counsel in non-frivolous

matters. Id.

    If a pro se plaintiff is incarcerated, a court should

additionally consider constraints caused by detention, such as

whether photocopiers, telephones, and computers are made

available to the prisoner plaintiff's use. Tabron, 6 F.3d at

156.  This factor weighs against appointing counsel if a court

ultimately concludes that a plaintiff has the baseline ability

to adequately present his case. See Gordon v. Gonzalez, 232 F.

App'x 153, 157 (3d Cir. 2007).

    In the present motion, Plaintiff states that pro bono

counsel is warranted because Defendants' attorney refuses to

"proper[ly] communicate with plaintiff" and because the "court

has not 'order[ed]' a mediator to help in any settlement[.]"

(Pro Bono Motion 2, ECF No. 63).  However, counsel for

Defendants is under no obligation to communicate regularly with Plaintiff and Plaintiff does not allege in his present motion that Defendants have refused any discovery requests or otherwise failed to participate in this litigation.

Additionally, to the extent that Plaintiff implies that the Court should have ordered mediation, the Court notes that this type of case was not eligible for mediation. Specifically, Local Civil Rule 301.1(d) provides that no civil action described in Local Civil Rule 72.1(a)(3)(C) shall be referred to mediation. See L. CIV. R. 301.1(d). Local Civil Rule 72.1, in turn, describes an action in which one of the parties appears pro se and is incarcerated. See L. CIV. R. 72.1(a)(3)(C)(i). Because Plaintiff in this case appears pro se and, until recently, was incarcerated, this civil action could not have been referred to mediation. See L. CIV. R. 301.1(d).

Moreover, it is evident that Plaintiff is sufficiently able to represent himself at this point. The contours of Plaintiff's underlying argument are clear and, as the record in this case reflects, Plaintiff is capable of filing motions and other documents. In light of Plaintiff's abilities, the first Tabron/Parham factor weighs against the appointment of counsel.

The second factor for consideration is the complexity of the legal issues presented. A court should be more inclined to appoint counsel when the legal issues are complex. See Tabron, 6

F.3d at 156 ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.") (quoting Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). As Judge Schneider pointed out in his January 8, 2015 Order denying Plaintiffs' request for the appointment of pro bono counsel, "[t]he present case involves relatively straightforward issues concerning an alleged physical and sexual assault by plaintiff's former cellmate." (Order 6, Jan. 8, 2015, ECF No. 40). Likewise, this Court does not find the legal issues regarding this claim to be unduly complex. Therefore, the second Tabron/Parham factor weighs against the appointment of counsel.

The third factor is the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation. Where claims are likely to require extensive discovery and compliance with complex discovery rules, appointment of counsel may be warranted. Tabron, 6 F.3d at 156. In his pending motions, Plaintiff does not assert that he has had difficulty obtaining relevant information. Indeed, Plaintiff has attached several exhibits, including medical records, to his motions and he has previously filed motions for discovery. Accordingly, the third Tabron/Parham factor weighs against the appointment of counsel.

The fourth factor for consideration is whether a case is likely to turn on credibility determinations.  Though most cases turn on credibility determinations, this factor weighs towards appointing counsel if the case is "solely a swearing contest." Parham, 126 F.3d at 460.  Thus, a court should be aware of "the degree to which credibility is at issue." Wassell v. Younkin, No. 07-326, 2008 WL 73658, at *4 (W.D. Pa. Jan. 7, 2008).  In this case, the success or failure of Plaintiff's failure to protect claim will likely turn on the extent of the information possessed by Defendants at the time of the incident. Pursuant the Complaint, Plaintiff states that Defendants' knowledge will be established, in part, through "evidence" in "the unit log book," (Compl. 8, 9, ECF No. 1), and through "records of assault" and evidence of the sale of the combination lock to Inmate Boyd (Compl. 6, ECF No. 1).  Given that Plaintiff has expressly indicated he intends to prove his case, in part, through documentation, it is unclear at this time how much of the case will turn on credibility determinations.  Accordingly, the Court finds that the fourth Tabron/Parham factor is neutral.

The fifth factor for consideration is the extent to which expert testimony may be required.  Appointed counsel may be warranted where the case will require testimony from expert witnesses. Tabron, 6 F.3d at 156.  However, the Third Circuit clarified that the appointment of counsel is not required in

every case in which expert testimony may be warranted. <u>See</u> <u>Lasko</u> <u>v. Watts</u>, 373 F. App'x 196, 202 (3d Cir. 2010).  In the case presently before the Court, it is unlikely that Plaintiff will require expert testimony.  Thus, the fifth <u>Tabron</u>/<u>Parham</u> factor weighs against the appointment of counsel.

The final factor addressed by the Third Circuit in <u>Tabron</u> and <u>Parham</u> is plaintiff's financial ability to attain and afford counsel on his own behalf. <u>Parham</u>, 126 F.3d at 461.  In this case, Plaintiff has been granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; accordingly, the Court finds that the sixth <u>Tabron</u>/<u>Parham</u> factor weighs in favor of granting Plaintiff's motion.

As discussed above, the majority of the <u>Tabron</u>/<u>Parham</u> factors do not support the appointment of pro bono counsel. Therefore, the Court will DENY Plaintiff's motion at this time.[2]

---

[2] The Court notes that Plaintiff references an outstanding request for pro bono counsel.  Presumably, Plaintiff refers to his letter dated January 19, 2015. (ECF No. 45).  The Court has reviewed the document and nothing in that submission alters the Court's analysis in the present Opinion.  In the January 19, 2015 letter, Plaintiff complains that counsel for Defendants refuses to communicate with him.  As set forth above, regular communication is not required.  To the extent Plaintiff means to assert that counsel for Defendants' is withholding relevant discovery — specifically, the first name of Defendant Williams — Plaintiff may file a motion to compel discovery to address this issue.

IV.   <u>OTHER SUBMISSIONS BY PLAINTIFF</u>

The Court notes that Plaintiff has filed numerous other letter requests and submissions on the docket.  Specifically, he has submitted:

- a Letter requesting a deadline for the case to be heard (ECF No. 41);
- a Letter regarding Approval of Summary Judgment (ECF No. 42);
- Objections to Defendants' requests for Extensions of Time (ECF Nos. 39, 44);
- A Notice of Failure to Answer the Complaint (ECF No. 46);
- A Notice of Failure to Protect (ECF No. 48);
- A Notice of Mandamus (ECF No. 49);
- An Order for Entry of Judgment / Failure to Protect (ECF No. 52);
- A Declaration of Entry of Default against Defendant Inmate Boyd (ECF No. 55);
- An Order for Entry of Judgment (ECF No. 57);
- A Letter requesting assistance in the Entry of Judgment (ECF No. 58);
- A Letter requesting assistance in his two cases pending before this Court: Case Nos. 13-214 & 13-7731 (ECF No. 59);
- A Letter requesting the Entry of Judgment and exhibiting Evidence of Contact with counsel for Defendants (ECF No. 60);
- A Letter requesting the Entry of Judgment and stating that counsel for Defendants refused Plaintiff's settlement offer (ECF No. 61);
- A letter request for the Entry of Judgment and requesting that the Court set a deadline of July 6, 2015 (ECF No. 62);

The Court has carefully reviewed each of these documents and determines that no action from the Court is warranted at this time.  To the extent Plaintiff intended these submissions to be considered as motions or informal requests, they are denied.  However, for purposes of clarification — and to assist

Plaintiff in better understanding the legal process — the Court will comment on two of Plaintiff's submissions.

First, the Court notes that Plaintiff filed a Notice of failure to Answer the Complaint (ECF No. 46), in which he states that Defendants have not filed a response to his Complaint. This document was received by the Court on January 30, 2015, three weeks after Defendants filed their Motion to Dismiss (ECF No. 43) on January 9, 2015.  Thus, it appears that Plaintiff may believe that Defendants have not properly responded to his Complaint.  However, pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss in lieu of filing an Answer. See FED. R. CIV. P. 12(b)(6); see also, e.g., Gaymon v. Esposito, No. 11-4170, 2013 WL 4446973, at *26 (D.N.J. Aug. 16, 2013).  In this case, Defendants filed their Motion to Dismiss (ECF No. 43) in lieu of an Answer.  Thus, they have provided a timely response to Plaintiff's Complaint.

Second, in light of Plaintiff's submission of his "Declaration of Entry of Default against Defendant Inmate Boyd" (ECF No. 55), the Court takes this opportunity to explain to Plaintiff the procedure by which a plaintiff may seek a default judgment against a defendant.

Under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff must request

the entry of default by the Clerk of the Court. See FED. R. CIV. P. 55(a).  Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court. See FED. R. CIV. P. 55(b); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175 F. App'x 519, 521, n.1 (3d Cir. 2006).

In this case, Plaintiff has titled this document "Declaration for Entry of Default on Defendant," however, the content of his submission requests a "Motion for Judgment by Default" and seeks the award of damages. (ECF No. 55).  Thus, Plaintiff has by-passed the first step of the process.  As explained above, if he wishes to pursue a default judgment against a defendant, he must first request the entry of default against that defendant from the Clerk of the Court. See FED. R. CIV. P. 55(a).  When, and if, the Clerk enters a default against the defendant, the plaintiff may move on to the next step in the process, as outlined above.

V.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 43) is DENIED.  Defendants are permitted to raise the issues presented in their motion to dismiss in the form of a motion for summary judgment filed at the appropriate time.

24

Plaintiff's pending motions (ECF Nos. 31, 47, 50, 53, 56, and 63) are DENIED for the reasons discussed above.

An appropriate Order follows.


_____s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge


Dated: August 24, 2015
At Camden, New Jersey