```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
   RENE D. EDWARDS,                  1:13-cv-00214-NLH-JS

              Plaintiff,             OPINION

        v.

   STATE OF NEW JERSEY, et al.,

              Defendants.
```

**APPEARANCES**:

RENE D. EDWARDS
411 EAST GIBBSBORO ROAD
SUITE 110
LINDENWOLD, NJ 08021

    Appearing *pro se*

TASHA MARIE BRADT
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
25 MARKET STREET
P.O. BOX 112
TRENTON, NJ 08625

    On behalf of Defendants

**HILLMAN, District Judge**

    This case concerns claims by Plaintiff that Defendants violated his constitutional rights when he was beaten and raped by his cellmate in South Woods State Prison in Bridgeton, New Jersey. On April 27, 2018, this Court granted Defendants' motion for summary judgment, finding that Defendants were entitled to judgment in their favor because Plaintiff had failed

to exhaust the administrative remedies that were available to him, as he was required to do by 42 U.S.C. § 1997e(a) prior to filing suit. (Docket No. 128.)

On December 11, 2018, Plaintiff filed a notice of appeal with United States Court of Appeals for the Third Circuit. (Docket No. 131.) On May 1, 2019, the Third Circuit dismissed Plaintiff's appeal because it was untimely. (Docket No. 133.) The Third Circuit explained:

> The District Court entered its final order in the case on April 27, 2018. Appellant was required to file his notice of appeal with the District Court Clerk by Monday, May 28, 2018, within the applicable thirty-day appeal period measured after entry of the judgment or order. See Fed. R. App. P. 4(a)(1)(A). See also Fed. R. App. P. 26(a)(1)(C) (a calculated period ending on a Saturday, Sunday, or legal holiday is extended to include the next day that is not a Saturday, Sunday, or legal holiday). Appellant's notice of appeal, filed on December 11, 2018, was untimely. It is well-settled that "the timely filing of a notice of appeal is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 213-14 (2007). Accordingly, we lack jurisdiction over the appeal, and we do not reach the motions filed by Appellant.

(Id.)

Currently pending before this Court are four motions filed by Plaintiff: (1) MOTION For Relief Of The Court's April 27, 2018 Order Granting Summary Judgment [134]; (2) MOTION To File, New Federal Judge, Chief Of Federal [136]; (3) MOTION For Oral Argument and Trial [137]; and MOTION For Oral Argument and Trial [138]. For the reasons expressed below, all of Plaintiff's motions will be denied.

**(1) MOTION For Relief Of The Court's April 27, 2018 Order Granting Summary Judgment [134]**

Plaintiff's motion for relief from the April 27, 2018 decision granting summary judgment in Defendants' favor, which Plaintiff brings pursuant to Fed. R. Civ. P. 60(b), presents two arguments. First, Plaintiff disagrees with the Court's finding that he was required to exhaust his administrative remedies prior to bringing suit, and requests that the Court reinstate his case. Second, Plaintiff requests that the Court render its decision void in order to reset the clock for his deadline to appeal because he did not receive notice of the Court's decision until after the 30-day appeal deadline had already expired. The Court does not find either argument has merit.

Rule 60(b) provides:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released, or
>    discharged; it is based on an earlier judgment that
>    has been reversed or vacated; or applying it
>    prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

As a primary matter, Plaintiff's Rule 60(b) motion is untimely. Instead of filing a Rule 60(b) motion after the Court's decision, Plaintiff filed a notice of appeal. Even though Plaintiff filed his Rule 60(b) motion less than two months after the dismissal of his appeal, it cannot be considered to have been "made within a reasonable time" relative to the Court's April 27, 2018 Opinion and Order. Plaintiff's Rule 60(b) motion was filed 410 days after this Court's decision. Plaintiff's decision to appeal that decision and await the outcome of that appeal does not render his Rule 60(b) motion in this Court timely. See Moolenaar v. Government of Virgin Islands, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding the plaintiffs' Rule 60(b) motion not to "be made within a reasonable time" even though plaintiffs brought their Rule 60(b)(6) motion six weeks after the district court's judgment on

remand from the Third Circuit because the motion was filed almost two years after the district court's initial judgment, and "the reason for the attack upon that judgment was available for attack upon the original judgment").

Even if the Court found Plaintiff's Rule 60(b) motion to "be made in a reasonable time," the substantive bases for Plaintiff's motion are without merit.  First, Plaintiff argues that the Court erred in rejecting his argument that he was not required to exhaust his administrative remedies because such remedies were not available to him.  Plaintiff's argument presents a simple disagreement with the Court's analysis of Plaintiff's view on the issue, and does not serve as a basis for reconsideration under Rule 60(b) because it does not present "extraordinary circumstances."  See Moolenaar, 822 F.2d at 1346 ("Rule 60(b) does not confer upon the district courts a standardless residual of discretionary power to set aside judgments," and the "exercise of a district court's discretionary power requires an extraordinary circumstance.") (citations omitted); Bierley v. Shimek, 153 F. App'x 87, 88–89 (3d Cir. 2005) ("Relief under Rule 60(b) is warranted only under extraordinary circumstances.  Upon review of the record, and without expressing an opinion as to the merits of the Bierley's underlying claims, we discern no extraordinary circumstances to warrant Rule 60(b) relief.  Bierley's motion for relief from

judgment, though putatively based on 'fraud and perjury by the Court,' is largely composed of vitriolic commentary on the District Judge and his analysis of Bierley's claims. In substance, the motion reasserted arguments previously presented, considered, and rejected in the proceedings. Disagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary circumstance."); Telfair v. United States, 2018 WL 645965, at *3 (D.N.J. 2018) (finding that a party's "mere disagreement" with the court's assessment of his credibility did not show any extraordinary circumstances warranting relief from the court's judgment under Rule 60(b)).

Second, Plaintiff argues that he did not timely appeal the Court's April 27, 2018 decision because he did not receive notice of it until after his time to appeal had expired. Plaintiff therefore asks the Court to reopen the case and reset his time to appeal.

The Court cannot provide such relief through a Rule 60(b) motion. Instead, Plaintiff's request is governed by Rule 4(a)(6) of the Federal Rules of Appellate Procedure. See Baker v. U.S., 534 F. Supp. 2d 578, 583 (W.D. Pa. 2008), aff'd, 670 F.3d 448 (3d Cir. 2012) (explaining that although some courts used to rely on Rule 60(b) as a basis for reinstating appellate rights, "that practice is no longer viewed as permissible," and the "consensus view among federal courts is that Fed. R. App. P.

judgment, though putatively based on 'fraud and perjury by the Court,' is largely composed of vitriolic commentary on the District Judge and his analysis of Bierley's claims. In substance, the motion reasserted arguments previously presented, considered, and rejected in the proceedings. Disagreement with the District Court's rulings, however vehemently presented, does not constitute an extraordinary circumstance."); Telfair v. United States, 2018 WL 645965, at *3 (D.N.J. 2018) (finding that a party's "mere disagreement" with the court's assessment of his credibility did not show any extraordinary circumstances warranting relief from the court's judgment under Rule 60(b)).

Second, Plaintiff argues that he did not timely appeal the Court's April 27, 2018 decision because he did not receive notice of it until after his time to appeal had expired. Plaintiff therefore asks the Court to reopen the case and reset his time to appeal.

The Court cannot provide such relief through a Rule 60(b) motion. Instead, Plaintiff's request is governed by Rule 4(a)(6) of the Federal Rules of Appellate Procedure. See Baker v. U.S., 534 F. Supp. 2d 578, 583 (W.D. Pa. 2008), aff'd, 670 F.3d 448 (3d Cir. 2012) (explaining that although some courts used to rely on Rule 60(b) as a basis for reinstating appellate rights, "that practice is no longer viewed as permissible," and the "consensus view among federal courts is that Fed. R. App. P.

4(a)(6) provides the exclusive remedy where a party's time to appeal a ruling has lapsed due to lack of notice") (citing Poole v. Family Court of New Castle County, 368 F.3d 263, 265-66 (3d Cir. 2004)) (other citations omitted).

Even if the Court were to construe Plaintiff's motion as being brought pursuant to Fed. R. App. P. 4(a)(6) instead of Rule 60(b), Plaintiff's motion still fails. Under Fed. R. Civ. P. 77(d), "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." Rule 77(d) further provides, "Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a)."

Appellate Rule 4(a) provides a procedure for reopening the time to file a notice of appeal when the party desiring to appeal does not receive notice of the entry of the judgment or order. "In a civil case, [] the only way in which a party may obtain relief based on a clerk's failure to serve notice of the entry of a judgment or order is via Appellate Rule 4(a) . . . ." Poole, 368 F.3d at 266.

7

Appellate Rule 4(a)(5) states in relevant part, "The district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time proscribed by this Rule 4(a) expires. . . ." Appellate Rule 4(a)(6) contains similar language: "The district court may reopen the time to file an appeal . . . if . . . the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry. . . ."

"[R]elief under both Appellate Rules 4(a)(5) and 4(a)(6) requires the filing of a motion, not just a notice of appeal. We understand that this interpretation may lead to harsh results under both rules, and it may be that it would be preferable to treat a *pro se* notice of appeal as a motion under both rules. But we believe that Appellate Rules 4(a)(5) and 4(a)(6) must be read consistently, and thus we conclude that Rule 4(a)(6) demands a motion." Poole, 368 F.3d at 269.

Plaintiff's current motion fails at every step:

(1) On December 11, 2018, Plaintiff filed a notice of appeal of this Court's April 27, 2018 Opinion and Order with the Third Circuit. That filing does not constitute the required Appellate Rules 4(a)(5) or 4(a)(6) motion.

(2) After the Third Circuit dismissed Plaintiff's appeal on May 1, 2019, Plaintiff filed his Rule 60(b) motion on June 11,

8

2019. The Rule 60(b) motion does not constitute the required Appellate Rules 4(a)(5) or 4(a)(6) motion.

(3) As noted, even if the Court were to construe Plaintiff's Rule 60(b) motion as one brought under Appellate Rules 4(a)(5) or (4)(a)(6), it was not filed "within 30 days after the prescribed time" (Appellate Rule 4(a)(5)), or "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry. . ." (Appellate Rule 4(a)(6)). Plaintiff's Appellate Rule 4(a)(5) motion was required to be filed within 60 days of the Court's April 27, 2018 decision. Plaintiff's Appellate Rule 4(a)(6) motion was required to be filed seven days after he received notice of the Court's April 27, 2018 decision, or no later than 180 days after its docketing, which was October 24, 2018. Plaintiff's instant motion was filed on June 11, 2019 - well outside of the time limits under Appellate Rules 4(a)(5) and 4(a)(6).

(4) Even if Plaintiff's motion was brought pursuant to Appellate Rules 4(a)(5) and 4(a)(6) and it was timely filed, Plaintiff does not state when he received notice of the Court's April 27, 2018 Opinion and Order. Instead, Plaintiff simply states he received notice after the 30-day appeal window had already expired. The Court notes that Plaintiff was represented by counsel at the time of the Court's decision, and Plaintiff

9

does not state that counsel failed to receive notice of the decision or failed to notify him of the decision.[1]  Additionally, relief under Appellate Rule 4(a)(6) requires that "the court finds that no party would be prejudiced."  Plaintiff has failed to articulate how his current request would not prejudice Defendants who received a dismissal of the claims them in April 27, 2018.

Moreover, the date Plaintiff received notice of the Court's decision is directly relevant to whether Appellate Rules 4(a)(5) and 4(a)(6) were available to Plaintiff at the time he became aware of the Court's decision.  *Pro se* litigants are afforded greater leeway in the interpretation of their pleadings, but there are limits to the procedural flexibility, and "[a]t the end of the day, they cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," and "we have never

---

[1] Under Fed. R. Civ. P. 77(d), "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b)," and Rule 5(b)(1) provides, "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."

suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. . . ."). Other than stating that he did not receive notice of the Court's decision until after the 30-day appeal window expired, Plaintiff has not provided any further explanation that would warrant the extraordinary relief he now requests. See, e.g., Cromwell v. Hancock, 2014 WL 5439783, at *3 (W.D. Pa. 2014) ("To the extent Plaintiff is seeking equitable relief from this court with respect to the various deadlines set forth in the Federal Rules of Appellate Procedure, he provides no facts or circumstances that would warrant such relief, assuming for the sake of argument that it could be made available to him by this court.").

These rules "may appear harsh" to Plaintiff, but "the apparent harshness of the rule[s] is mitigated somewhat by the policy considerations which underlie [them]." Baker, 534 F. Supp. 2d at 582. "[R]elief under Rule 4(a)(6) is not freely available because it was designed not to unduly affect the time when judgments become final." Id. (quoting Marcangelo v. Boardwalk Regency, 47 F.3d 88, 90 (3d Cir. 1995)). "By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." Id.

(citation and quotation omitted).  Moreover, the appellate rules in conjunction with Fed. R. Civ. P. 77(d), are "designed to encourage parties to diligently monitor the status of their cases so as to protect their appellate rights."  Id.

In sum, Plaintiff's Rule 60(b) motion is untimely, it does not present "extraordinary circumstances" for the Court to reconsider its substantive analysis, and it is not the proper vehicle to reset Plaintiff's time to appeal, even if the Rule 60(b) motion were construed as one brought pursuant to Appellate Rules 4(a)(5) or 4(a)(6).  The relief requested in Plaintiff's motion must be denied in its entirety.

- **(2) MOTION To File, New Federal Judge, Chief Of Federal [136]**
- **(3) MOTION For Oral Argument and Trial [137]**
- **(4) MOTION For Oral Argument and Trial [138]**

Plaintiff's three other motions ask that the Court hold oral argument on his underlying claims, and also seek this Court's recusal.  Because Plaintiff's case has been closed and his request to reactive his case has been denied, there is no pending matter about which to hold oral argument.  Plaintiff's motions requesting oral argument must be denied.

For Plaintiff's request seeking this Court's recusal, a determination regarding recusal is within the sound discretion of the trial court judge.  United States v. Wilensky, 757 F.2d 594, 599-600 (3d Cir. 1985).  The two principal statutes which

12

address judicial recusal are 28 U.S.C. §§ 144 and 455.  Under 28 U.S.C. § 144, recusal must occur "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  A "substantial burden is imposed on the party filing an affidavit of prejudice to demonstrate that the judge is not impartial."  Ali v. United States, 2015 WL 6502108, at *1 (D.N.J. 2015) (citing Frolow v. Wilson Sporting Goods Co., 2011 WL 1337513, at *2 (D.N.J. 2011) (citation omitted); Kilkeary v. United States, 2015 WL 3798061, at *4 (D.N.J. 2015)).

Alternatively, § 455(a) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  "The test for recusal under § 455(a) is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  Allen v. Parkland Sch. Dist., 230 F. App'x 189, 193 (3d Cir. 2007) (citing In re Kensington Int'l Ltd., 368 F.3d 211, 220 (3d Cir. 2004)).

Plaintiff accuses this Court of defrauding Plaintiff of a fair civil process.  Plaintiff also argues that this Court must be recused from his case because the undersigned is a defendant

13

in a separate action filed by Plaintiff. Plaintiff cites to Civil Action 18-11955, EDWARDS v. THE HILLMAN GROUP, COMPANY et al., which arises out of the same factual allegations as this case. The undersigned is not a named defendant in that case, however, and "The Hillman Group" is alleged to be the manufacturer of the combination lock which was used by his cellmate to beat him.[2]

Plaintiff's arguments do not satisfy the high standard a litigant must meet to require recusal. "[W]here, as here, a litigant is simply dissatisfied with the District Court's legal rulings," "neither [§ 144 nor § 455] "provides a basis for recusal." Hairston v. Miller, 646 F. App'x 184, 188 (3d Cir. 2016) (citing Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."); Petrossian v. Cole, 613 F. App'x 109, 112 (3d Cir. 2015) ("Neither of these statutes provide a basis for recusal where a litigant is simply displeased, as Petrossian was (and is), with a prior adverse ruling."). Moreover, "the mere fact that [a judge] may be one of the numerous federal judges that [a litigant] has filed suit against is not sufficient to

---

[2] In Civil Action 18-11955, EDWARDS v. THE HILLMAN GROUP, COMPANY et al., pending are two motions: "MOTION on Resignment" and "MOTION for Trial, Impeachment."

14

establish that . . . recusal from his case is warranted under 28 U.S.C. § 144 or § 455(a)." Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006); see also Mina v. Chester County, 679 F. App'x 192, 196 (3d Cir. 2017) ("Mina sought to name the District Judge as a defendant in the action (in an unauthorized amendment to the complaint) (and has since filed suit against him). However, the addition of the District Judge's name to the long list of conspirators, which already included other judges that had ruled against Mina, was an attempt to bring a baseless suit against the District Judge. It was not a basis for recusal.").

Plaintiff's motion to recuse will be denied.

## CONCLUSION

For the reasons expressed above, Plaintiff's four motions are without merit, and, accordingly, Plaintiff's motions must be denied.

An appropriate Order will be entered.


Date: December 4, 2019     s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.